# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GERALD DAVISON,

        Plaintiff,

v.

J. SINGLETON, et al.,

        Defendants.

3:20-cv-0417-RCJ-CLB

**ORDER**

    Before the court is Defendants' motion for exemption from early mediation conference. (ECF No. 7). As a basis for exclusion, Defendants merely state Plaintiff is "seeking a settlement NDOC would never be willing to settle this case for." (*Id.*) Many, if not most, settlement conferences and mediations start with offers and counteroffers from the parties that are not even remotely in same proximity and yet conclude with a settlement agreement. The court does not consider widely differing opinions of the case or the value of the case alone to be a proper basis for exclusion. The mere assertion that Plaintiff's initial settlement demand(s) is of an amount or type that counsel does not believe the client would accept is not a basis to exclude a case from mediation.

    In addition, the motion to exclude is untimely. Pursuant to the screening order entered in this case, motions to exclude were due on **May 20, 2021.** (ECF No. 3 at 9). The court may, in its discretion, entertain motions to exclude beyond this date in rare cases. However, Defendants are reminded that motions to exclude should be filed no later than twenty-one days prior to the mediation date to avoid wasting the time and resources of the parties, the mediator, and court staff. In this case, the order setting the mediation was entered on May 18, 2021 (ECF No. 6), and Defendants have prepared a mediation statement which has already been provided to the assigned mediator. This is inappropriate.

///

///

For all these reasons, Defendants' motion to exclude this case from mediation (ECF No. 7) is **DENIED.**[1]

DATED: July 9, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The court reminds Defendants' counsel that when a prisoner civil rights case has been referred to the early mediation program, the court has determined at screening there is a claim or claims that have been stated and the case will proceed to discovery, dispositive motions, and/or trial if not resolved by settlement. Therefore, early resolution of these cases provides extensive savings to Plaintiffs, Defendants, and the court in valuable time and resources from litigating the case. Therefore, requests to exclude cases from early inmate mediation program should be rarely filed and only in the most extreme circumstances. For example, motions to exclude should only be filed in those instances where the matter involves certain types of claims that Defendants cannot settle as a matter of policy or in those cases where there are other extenuating circumstances that would render the mediation entirely ineffective or impossible for Defendants to make any type of settlement offer. These motions should not be routine, nor should they be filed in every case.